UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **PRISCILA FERREIRA d/b/a DEPRIS INC.,**  Petitioner,  v.  **JAIMEE MUÑOZ**  Defendant. | Case No. _____  COMPLAINT  DEMAND FOR JURY TRIAL |

Plaintiff Priscila Ferreira d/b/a DePris Inc. ("Plaintiff"), by and through her undersigned counsel, complains against Defendant Jaimee Muñoz ("Defendant") as follows:

## I. INTRODUCTION

1. This action arises from Defendant's unauthorized use of Plaintiff's intellectual property, misappropriation of business assets and funds, defamation, and unfair competition in connection with the Glow-Unique brand, which Plaintiff solely created and funded. Despite demands to cease, Defendant continues to profit from Plaintiff's investments, harming Plaintiff's Massachusetts-based business during the critical holiday season.

## II. PARTIES

2. Plaintiff Priscila Ferreira is an individual residing in Webster, Massachusetts, doing business as DePris Inc., a Wyoming corporation with its principal place of business in Massachusetts.

3. Defendant Jaimee Muñoz is an individual residing in Rocky Point, North Carolina.

**III. JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question for Lanham Act claims), 28 U.S.C. § 1338(a) (exclusive jurisdiction over trademark claims arising under the Lanham Act), and 28 U.S.C. § 1332 (diversity; amount in controversy exceeds $75,000, complete diversity). Supplemental jurisdiction over state claims under 28 U.S.C. § 1367.

5. Personal jurisdiction exists under Massachusetts long-arm statute, M.G.L. c. 223A § 3, as Defendant transacted business in Massachusetts (e.g., online sales to MA customers, as shown in sales spreadsheet referenced in Exhibit A), committed torts causing injury here (defamation harming Plaintiff's MA reputation and business, as in Exhibit G; IP infringement affecting Plaintiff's MA-based operations), and has minimum contacts via interstate commerce (e.g., website and Discord activities targeting a nationwide audience including Massachusetts). These contacts satisfy due process under the Fourteenth Amendment, as Defendant purposefully availed herself of the forum and the claims arise from those contacts (see Exhibits A, B, C for business activities).

6. Venue is proper under 28 U.S.C. § 1391(b) as substantial events occurred in this district (Plaintiff's harm) and Defendant is subject to personal jurisdiction here.

**IV. FACTUAL ALLEGATIONS**

7. In April 2024, Defendant contacted Plaintiff via text messages inquiring about pricing for Plaintiff's products, leading to an informal 50/50 partnership with a third party (Jenny) for a Discord community called SBB (see Exhibit A).

8. Conflicts arose in late 2024; Jenny felt overburdened, and the profit split was revised to 80/20 in Jenny's favor. Defendant traveled to Mexico frequently, leaving Plaintiff to manage operations.

9. In December 2024-March 2025, Plaintiff formed a new partnership with Deb, (Deborah Lecours, President, DePris Inc.) but Defendant continued unauthorized activities.

10. Plaintiff solely funded and created Glow-Unique assets: name, logo, tagline, website, graphics, Discord emojis/badges/banners, product descriptions (over $50,335 in verified costs via Wise transfers to vendors like Heal Link Korea, Korestetics Global Ltd., Ibragimov Botir Bak-Htiyarovich—see Exhibit B; additional invoices and payments in Exhibits C, D, E, F). No formal operating agreement exists (see Exhibit A).

11. Defendant withheld inventory Plaintiff paid for (see Exhibits C, D), removed Plaintiff's access to bank/payment processors, misappropriated ~$60,000 in sales proceeds (including recent deposits: $5,212 on Oct 26, $199.55 on Oct 27, $618.91 in transit; $3,000 in savings—see Exhibit H).

12. Defendant posted defamatory statements in Discord implying Plaintiff was impersonating/stealing customers (see Exhibit G).

13. Plaintiff sent a Notice of Intent on October 28, 2025 (Exhibit H), and Cease-and-Desist on November 2, 2025 (Exhibit I; served November 10). Defendant partially complied (removed emojis/logo) but continues side sales of Plaintiff's inventory and builds a new site under Plaintiff's original LLC paperwork.

## V. CAUSES OF ACTION

**Count I: Unregistered Trademark Infringement (Lanham Act, 15 U.S.C. § 1125(a))**

14. Defendant's unauthorized use of Glow-Unique in interstate commerce causes confusion and infringes Plaintiff's common law trademark rights based on prior use and distinctiveness (see Exhibits B, C for commerce evidence).

**Count II: Defamation (Libel Per Se)**

15. Defendant's false Discord statements harmed Plaintiff's business reputation (see Exhibit G).

**Count III: Breach of Fiduciary Duty**

16. As informal partners, Defendant breached duties by misappropriating assets/funds (see Exhibits H, A, B).

**Count IV: Conversion/Misappropriation**

17. Defendant wrongfully controls Plaintiff's inventory and funds (see Exhibits C, D, E, F).

**Count V: Unfair Competition (M.G.L. c. 93A)** 18. Defendant's deceptive acts in trade/commerce harmed Plaintiff.

**Count VI: Unjust Enrichment**

19. Defendant unjustly benefited from Plaintiff's investments without reimbursement (see Exhibits B, E, F).

**VI. PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for:

(a) Injunctive relief enjoining Defendant's infringing acts;

(b) Damages exceeding $150,000;

(c) Disgorgement of profits;

(d) Punitive damages;

(e) Attorney's fees/costs;

(f) Such other relief as the Court deems just.

**DEMAND FOR JURY TRIAL** Plaintiff demands a trial by jury on all triable issues.

Dated: November 24, 2025

/s/ Jonatas Silva

Jonatas Silva, Esq.
BBO No. 704254
Solomon's Advisors LLC
200 Walnut Street. Ste 1
Saugus, MA 01906
(857) 891-3628
Jonatas@solomonsadvisors.net
Counsel for Plaintiff