UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **PRISCILA FERREIRA d/b/a DEPRIS INC.,** | ) ) ) | Case No. _____ |
| Petitioner, | ) ) ) | |
| v. | ) ) | |
| JAIMEE MUÑOZ | ) ) | |
| Defendant. | ) | |

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

I. INTRODUCTION

Plaintiff seeks a TRO and preliminary injunction to halt Defendant's ongoing infringement of Plaintiff's common law trademark rights under the Lanham Act, misappropriation of business assets and funds, and defamation, which are causing irreparable harm to Plaintiff's Massachusetts-based business. As detailed in the accompanying Declaration of Priscila Ferreira, Defendant has ignored prior demands and continues unauthorized sales and use of Plaintiff's brand during the critical holiday season.

**II. FACTUAL BACKGROUND** (See Declaration of Priscila Ferreira for detailed facts, incorporated herein).

In summary, Plaintiff solely created and funded the Glow-Unique brand with over $50,335 in investments (Exhibits C, D, E, F, G). Defendant, in an informal partnership with no written agreement (Exhibit B), has misappropriated inventory, funds (~$60,000 in sales proceeds; Exhibit A), and posted defamatory statements (Exhibit H). Despite a Cease-and-Desist letter (Exhibit I; deadline November 21, 2025), Defendant partially complied but persists in side sales and using the LLC name Plaintiff established.

**III. LEGAL STANDARD** Under Fed. R. Civ. P. 65 and First Circuit precedent (e.g., Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26 (1st Cir. 2011)), a TRO or preliminary injunction requires: (1) likelihood of success on the merits; (2) irreparable harm; (3) balance of equities favoring the movant; and (4) public interest. Ex parte relief is appropriate where immediate harm is shown and notice risks further injury (Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty., 415 U.S. 423 (1974)).

## IV. ARGUMENT

### A. Plaintiff Is Likely to Succeed on the Merits

1. **Lanham Act Claim (15 U.S.C. § 1125(a))**: Plaintiff has common law trademark rights in "Glow-Unique" through prior use in commerce (e.g., website sales; Exhibits C, D, E). Defendant's unauthorized use causes confusion (Boston Duck Tours, LP v. Super Duck Tours, LLC, 531 F.3d 1 (1st Cir. 2008)).
2. **Defamation**: Defendant's false Discord statements implying impersonation are libel per se, harming Plaintiff's business reputation (Noonan v. Staples, Inc., 556 F.3d 20 (1st Cir. 2009); Exhibit H).
3. **Breach of Fiduciary Duty/Conversion/Unjust Enrichment**: As informal partners, Defendant breached duties by misappropriating assets (Mass. Gen. Laws ch. 108A; Exhibits A, C, D, E, F, G).
4. **Unfair Competition (M.G.L. ch. 93A)**: Defendant's deceptive acts cause harm.

**B. Plaintiff Will Suffer Irreparable Harm** Ongoing sales dissipate inventory and funds (Exhibits D, E); brand dilution and reputational damage are presumed irreparable in IP cases (Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12 (1st Cir. 1996)). Holiday timing exacerbates losses.

**C. Balance of Equities and Public Interest Favor Relief** Plaintiff invested everything (Exhibits C, F, G); Defendant merely ceases unlawful acts. Relief protects IP and fair competition.

**D. NO BOND OR NOMINAL BOND IS REQUIRED** Given the strength of Plaintiff's case and Defendant's willful conduct, no or nominal bond suffices (Crowley v. Loc. No. 82, Furniture & Piano Moving, 679 F.2d 978 (1st Cir. 1982)).

**V. CONCLUSION** The Court should grant the TRO ex parte and set a hearing for preliminary injunction.

Dated: November 24, 2025

/s/ Jonatas Silva

Jonatas Silva, Esq.
BBO No. 704254
Solomon's Advisors LLC
200 Walnut Street. Ste 1
Saugus, MA 01906
(857) 891-3628
Jonatas@solomonsadvisors.net
Counsel for Plaintiff