UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **PRISCILA FERREIRA d/b/a DEPRIS INC.,** ) <br> ) <br> **Petitioner,** ) <br> ) <br> ) <br> **v.** ) <br> ) <br> **JAIMEE MUÑOZ** ) <br> ) <br> **Defendant.** ) | Case No. 4:25-cv-40195 |

## SUPPLEMENTAL DECLARATION OF PRISCILA FERREIRA IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS AND REPLY FOR TRO

I, Priscila Ferreira, declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. This supplements my prior Declaration (Dkt. 3-3) and rebuts Muñoz's Declaration (Dkt. 14).

2. 1. I do not dispute the general description of Discord or its terminology. However, this dispute is not limited to Discord server ownership. It concerns the creation, branding, operation, and commercial exploitation of the Glow-Unique concept and related business assets.

3. Mrs. Muñoz states that Glow-Unique did not exist until April 2025. This statement is misleading because it defines "existence" solely by the rebranding of a Discord server. From the time Glow-Unique was created and rebranded, it was promoted and operated as a collaborative business effort, and I was involved from the outset.

4. Contrary to Mrs. Muñoz's characterization, I was not merely a community member of Glow-Unique. From the day the server was created and rebranded, I was an administrator of the Glow-Unique server. I hired my own technical analyst and brought him into the server to reprogram and manage bots and technical infrastructure supporting community operations and business functions.

5. Mrs. Muñoz did have ownership of the SBB Limited server. However, SBB Limited functioned solely as a backup server and did not contain active members. In the same way, a Glow-Unique 2.0 backup server was created strictly for business continuity purposes and also did not contain members. I was an administrator of the Glow-Unique 2.0 backup server and maintained two profiles solely as a redundancy measure in case access to one account was lost. These backup servers were safeguards, not operational communities, and their existence does not determine ownership of branding, creative direction, or business intent.

6. Mrs. Muñoz emphasizes unilateral ownership of the Glow-Unique Discord server. Ownership of a Discord account does not negate the existence of a collaborative business relationship or my substantial contributions to branding, marketing, technical infrastructure, customer acquisition, and operations that were relied upon to grow Glow-Unique.

7. With respect to the Glow-Unique domain and LLC formation, Mrs. Muñoz is correct that she is the sole registered member of Glow-Unique LLC. However, this does not address the origin of the Glow-Unique brand assets, visual identity, taglines, and creative direction, which I developed prior to and during our collaboration, nor does

it negate the reliance I placed on representations that we were working toward a partnership.

8. Mrs. Muñoz states that I did not create or fund Glow-Unique brand assets. This statement is inaccurate. I paid for and managed website billing, created branding imagery and marketing content, and worked with technical support to build and maintain the customer-facing sales platform, all with Mrs. Muñoz's knowledge and participation.

9. Mrs. Muñoz characterizes product inventory issues as retaliatory conduct. This characterization omits critical context. Product sourcing, negotiation, shipping, and receipt were discussed between us, and products were delivered as part of those discussions. I dispute the implication that these actions were unilateral or improper.

10. Mrs. Muñoz's declaration omits material facts regarding my financial and commercial support during the initial formation of the SBB server in 2024, when group buys were first being organized and minimum order quantity requirements had to be met to obtain supplier approval and pricing. During this period, Mrs. Muñoz relied on the fact that I was already actively selling skincare and able to place larger orders. I purchased products for my own resale to help meet required order thresholds so that group buys could proceed at approved pricing. These purchases were made openly, in good faith, and for the purpose of supporting group-buy viability and pricing.

11. Mrs. Muñoz's declaration also omits material facts regarding my financial support of the Glow-Unique Discord server itself. I personally paid for Discord server boosts

associated with my profile, contributing approximately $600 to obtain enhanced server features, including custom tags, improved graphics capabilities, and enhanced visual presentation. Certain tags and features tied to these boosts were removed after my access was revoked and were not restored until December 11, 2025. I also made an announcement on or about August 13, 2025, encouraging members to adopt the Glow badge to support server features.

12. Mrs. Muñoz's declaration further omits material facts regarding the generation, execution, and distribution of Glow-Unique sales proceeds. All marketing and sales efforts for Glow-Unique were produced and designed by me, including promotional graphics, written copy, announcements, product descriptions, and sales messaging. Even when announcements were posted by Mrs. Muñoz, the content and wording of those announcements were written by me. These efforts were central to generating sales through the Glow-Unique website. Based on our agreement and course of conduct, I understood and relied on the agreement that proceeds from sales made through the Glow-Unique website would be split equally between us. I have not received my share of those proceeds.

13. Mrs. Muñoz's declaration further omits material facts regarding inventory that I personally paid for and that remains in the possession of Mrs. Muñoz and Haley Orsak. I have not been compensated for all of the products that I purchased and that continue to be held or sold. I did not request the return of these items because they were purchased with the intent to be sold within the Glow-Unique community we were jointly building. I would not have made these inventory purchases absent

the existence of that community and the shared understanding that the products would be sold through it.

14. Mrs. Muñoz's declaration also omits material facts regarding shipping and logistics operations. I organized and negotiated the UPS shipping account used for Glow-Unique operations, including communications and meetings with a UPS representative conducted through the Glow-Unique email account. I can provide email correspondence and records documenting these negotiations. 14. At no point did I agree to relinquish my creative intent for the Glow-Unique brand. Glow-Unique was part of my long-term vision for a future skincare brand, and I never consented to transferring ownership of my creative ideas, branding concepts, or vision to Mrs. Muñoz.

15. Mrs. Muñoz denies making defamatory statements. I maintain that statements made to community members and third parties implying that I "stole" Glow-Unique or misused customer information are false and damaging.

16. I am not seeking ownership of Mrs. Muñoz's Discord server, LLC, or bank accounts. I am seeking recognition and protection of my creative work, brand identity, and professional reputation, and relief from misleading statements that mischaracterize my role, contributions, financial reliance, and expectations. I declare under penalty of perjury that the foregoing is true and correct.

17. Additional evidence: See Exhibit J (Lecours on creative process/logo), Exhibit K (Paolla on Zelle payment confirming partnership), Exhibit L (Stumpf on tech/joint ops/lockout), Exhibit M (announcements as admin), Exhibit N (inventory email joint decisions),

Exhibit O (Muñoz acknowledgment of delivery), Exhibit P (BOA access proving shared control), Exhibit Q (community acknowledging co-owner role). The facts herein are true.

Dated: January 12, 2026

/s/ Priscila Ferreira

CERTIFICATE OF SERVICE

I certify that on January 12, 2026, the foregoing was served electronically upon all counsel of record filing through the ECF system

/s/ Jonatas Silva

Jonatas Silva