UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| Priscilla Ferreira d/b/a Depris Inc., )<br>     Plaintiff, )<br>)<br>v. )<br>)<br>Jaimee Muñoz, )<br>)<br>     Defendant. )<br>) | Civ. No.: 4:25-cv-40195-MRG |

**MEMORANDUM AND ORDER RE: DEFENDANT'S MOTION TO DISMISS [ECF No. 11]; PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER [ECF No. 3]**

**GUZMAN, J.**

As stated during oral argument, the Court **GRANTS** the Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, [ECF No. 11] and **DENIES** Plaintiff's Motion to Issue a Temporary Restraining Order, [ECF No. 3], for the reasons stated in Defendants' written memorandums, [ECF Nos. 12, 13], and for the reasons stated on the record during oral argument, [ECF No. 20]. This memorandum is filed in support of that ruling.

**A. This Court does not have subject matter jurisdiction**

Ferreira's complaint invoked this Court's federal-question jurisdiction to hear, "civil actions arising under the Constitution, laws, or treaties of the United States," 18 U.S.C. §1331, and diversity jurisdiction over "civil actions where the matter in controversy exceeds" $75,000 and is between "citizens of different states," 18 U.S.C. § 1332. [Compl. ¶¶ 4-5, ECF No. 1].

Federal courts are courts of limited jurisdiction, and as such, the Court has "a responsibility to police the border of federal jurisdiction." Spielman v. Genzyme Corp., 251 F.3d 1, 4 (1st Cir. 2001) (Pratt Cent. Park Ltd. P'ship v. Dames & Moore,Inc., 60 F.3d 350, 352 (7th Cir. 1995). The

1

Court "must resolve questions pertaining to its subject-matter jurisdiction before it may address the merits of a case." Donahue v. Boston, 304 F.3d 110, 117 (1st Cir. 2002) (citation omitted). On a motion to dismiss for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1), "the party invoking the jurisdiction of a federal court carries the burden of proving its existence." Johansen v. United States, 506 F.3d 65, 68 (1st Cir. 2007) (quoting Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995).

As pled, this Court does not have subject matter jurisdiction over this matter, and the motion to dismiss must be **GRANTED**.

   a. *Federal Question Jurisdiction*

Plaintiff asserts one federal claim in her complaint for trademark infringement under the Lanham Act. [See Compl. ¶ 14]. To state a claim of trademark infringement under the Lanham Act, a plaintiff must allege that (1) she owns and uses a valid and legally protectable trademark; (2) the defendant used a similar or identical mark without permission; and (3) the defendant's use of the mark is likely to cause consumer confusion. 15 U.S.C. § 1125(a); see Venture Tape Corp. v. McGills Glass Warehouse, 540 F.3d 56, 58 (1st Cir. 2008).

Plaintiff has failed to meet a single element to this claim. In her pleadings and at oral argument, Ferreira failed to present information identifying what trademark is in question or how its use is likely to cause consumer confusion. Plaintiff's "threadbare recitals of the elements of a cause of action" within the complaint, "do not suffice" to state a claim. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" Steel Co. v.

Citizens for a Better Env't, 523 U.S. 83, 89, (1998) (quoting Oneida Indian Nation of N.Y. v. Cnty. of Oneida, 414 U.S. 661, 666, (1974)); see also Toddle Inn Franchising, LLC v. KPJ Assocs., LLC, 8 F.4th 56, 62 (1st Cir. 2021) (citing Duke Power Co. v. Carolina Envtl. Study Grp., 438 U.S. 59, 70 (1978) ("[O]nly the most extreme cases will flunk this substantiality test.").

Given the threadbare pleadings before the Court, Count I for Trademark Infringement under the Lanham Act must be dismissed, and as a result, this Court does not have federal question jurisdiction in this case.

   b. *Diversity Jurisdiction*

When an action is brought in federal court pursuant to diversity jurisdiction, jurisdiction is proper only where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332. The burden is on the plaintiff to "establish that the minimum amount in controversy has been met." CE Design, Ltd. v. Am. Econ. Ins. Co., 755 F.3d 39, 43 (1st Cir. 2014) (quoting Abdel-Aleem v. OPK Biotech LLC, 665 F.3d 38, 41 (1st Cir. 2012)).

Plaintiff asserts in her complaint that her damages exceed $150,000, however, in her pleadings she outlines losses less than $60,000. [Compl. ¶¶ 10-11]. Defendant in her Motion to Dismiss questioned the Plaintiff's assertion of damages, yet Plaintiff in her opposition papers and oral argument, made no persuasive contention that the amount-in-controversy exceeds $75,000. [ECF Nos. 17, 18, 20].

Ordinarily, "a plaintiff's general allegation that the dispute exceeds the jurisdictional minimum is sufficient," unless it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." Andersen v. Vagaro, Inc., 57 F.4th 11, 15 (1st Cir. 2023) (first quoting Stewart v. Tupperware Corp., 356 F.3d 335, 338 (1st Cir. 2004); and then quoting Dep't of Recreation & Sports of P.R. v. World Boxing Ass'n, 942 F.2d 84, 88 (1st Cir. 1991)). When

challenged, however, the plaintiff must "allege with 'sufficient particularity' facts that in some way support the contention that there is more than $75,000 at stake." Abdel-Aleem, 665 F.3d at 42 (quoting Dep't of Recreation & Sports of P.R., 942 F.2d at 90). The plaintiff can do this by "amend[ing] the complaint or submit[ting] additional documentation, such as affidavits, medical reports, or interrogatories," but "merely reiterating general descriptions of damages is insufficient, particularly when a plaintiff is put on notice of the complaint's deficiencies by a FRCP 12(b)(1) motion to dismiss." Andersen, 57 F.4th at 15; see also id. at 16 (faulting plaintiff for "fail[ing] to provide any numeric substantiation or evaluation establishing that her claims exceeded $75,000"); Abdel-Aleem, 665 F.3d at 43 ("[W]e expect something more than bald statements and round numbers.").

Since the Plaintiff, after opposition by Defendant's 12(b)(1) pleading, failed to allege with sufficient particularity facts to support her contention that there is more than $75,000 at stake, the Court cannot assume it has jurisdiction to reach the merits of this case. Therefore, the Court must **GRANT** the Defendant's Motion to Dismiss, [ECF No. 11].

   B. **The Motion for the Temporary Restraining Order is Denied.**

This matter was presented to the Court on January 14, 2026, for argument on a motion to issue a temporary restraining order or preliminary injunction. [ECF No. 3]. In adjudicating the temporary restraining order, it became apparent that this Court does not have subject matter jurisdiction to adjudicate these claims. For judicial efficiency, and without delving too deeply into the merits, the Court will share its findings regarding the temporary restraining order.

The issuance of a temporary restraining order is an extraordinary remedy and must only be granted if a plaintiff makes a clear showing of entitlement to relief. See Winter v. Natural Res.

Def. Council, Inc., 555 U.S. 7, 22 (2008). Before granting a temporary restraining order, the Court must evaluate four factors, with particular emphasis on the first two.

> (1) The likelihood of success on the merits; (2) irreparable harm if the injunction is denied; (3) the balance of equities; and (4) the effect (if any) of the court's ruling on the public interest.

Fed. R. Civ. P. 65. The Court found that Plaintiff failed to demonstrate any of the necessary elements under Fed. R. Civ. P. 65 to receive the extraordinary remedy of a temporary restraining order and preliminary injunction. In her pleadings and at oral argument, Plaintiff did not present sufficient argument or evidence in support of her likelihood of success on the merits for the underlying case in federal court and made no argument of irreparable harm. See Winter, 555 U.S. at 22; [see ECF No. 20]. Therefore, the motion for the temporary restraining order must be denied.

The complaint submitted by Plaintiff is **DISMISSED** without prejudice.

**SO ORDERED.**

Dated: January 15, 2026

                                                     /s/ Margaret R. Guzman
                                                   Margaret R. Guzman
                                                   United States District Judge